IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REBECCA BARNES | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO. _____ |
| | : | |
| PUBLIX SUPER MARKETS, INC. | : | |
| | : | |
| Defendant. | : | |

### **PETITION FOR REMOVAL**

TO:   The Judges of the United States District Court, Northern District of Georgia

Defendant Publix Super Markets, Inc., ("Defendant") respectfully shows the Court as follows:

1.

A civil action has been brought against the Petitioner in the State Court of Cobb County, State of Georgia, by the above-named Plaintiff, said action being designated as Civil Action No. 23-A-3423 in which Plaintiff Rebecca Barnes seeks to recover of the Defendant sums in excess of $75,000.00 exclusive of interest and costs.

2.

The Plaintiff is now, was at the time of the commencement of this action, and at all times since has been a citizen and resident of the State of Georgia.

3.

Defendant Publix Super Markets, Inc. is now, was at the time of the commencement of this lawsuit, and at all times since, a corporation organized and existing under the laws of the State of Florida, having its principal place of business in Lakeland, Florida.

4.

The within action was not removable to this Honorable Court when initially filed in the State Court of Cobb County, as the Complaint did not establish an amount in controversy in excess of $75,000 for purposes of federal court diversity jurisdiction. The Plaintiff's *Complaint* did not set forth a specific prayer for dollar recovery. From the date of the filing of the within action in the State Court of Cobb County on August 2, 2023, through November, 2, 2023, Plaintiff Rebecca Barnes did not provide Defendant Publix Super Markets, Inc. with any papers, writings or documents reflecting an amount in controversy in excess of $75,000. On November 3, 2023, Plaintiff's counsel, Russell T. Deutschman at Kenneth S. Nugent, P.C., responded to Defendant Publix Super Markets, Inc.'s Request for Admissions

admitting that the amount in controversy in the within action is in excess of $75,000 and making an evidentiary showing that the amount in controversy in the within action is now in excess of $75,000 and that the within action is removable to this Honorable Court by reason of federal court diversity jurisdiction.

5.

Attached hereto are copies of the following pleadings and other filings in the within action, which was initially filed in the State Court of Cobb County Civil Action No. 23-A-3423:

Exhibit A   Summons, Complaint and Jury Demand;

Exhibit B   Plaintiff's First Interrogatories, Request for Production of Documents and Request for Admissions to Defendant Publix Super Markets, Inc.;

Exhibit C   Sheriff's Entry of Service on Publix Super Markets, Inc. (8.18.23);

Exhibit D   Sheriff's Entry of Service on Publix Super Markets, Inc. (8.22.23);

Exhibit E   Answer of Publix Super Markets, Inc.;

Exhibit F   Demand for Twelve Person Jury – Publix Super Markets, Inc.;

Exhibit G   Defendant's First Interrogatories, Request for Production of Documents and Request for Admissions to Plaintiff;

Exhibit H   Defendant's Responses to Plaintiff's First Request for

Admissions.

Exhibit I    Notice of Leave of Absence – James W. Hardee;

Exhibit J    Amended Notice of Leave of Absence – James W. Harde;

Exhibit K    Plaintiff's Notice of Substitution of Counsel – Russell T. Deutshman;

Exhibit L    Defendant Publix Super Markets, Inc.'s Responses to Plaintiff's First Interrogatories and Rule 5.2 Certificate of Service;

Exhibit M    Defendant Publix Super Markets, Inc.'s Responses to Plaintiff's First Request for Production of Documents and Rule 5.2 Certificate of Service;

Exhibit N    Plaintiff's Responses to Defendant's First Interrogatories, Request for Production of Documents and Request for Admissions;

Exhibit O    Defendant's Rule 5.2 Certificate of Service regarding Non-Party Request for Production of Documents; and

6.

Following the filing of the Plaintiff's Complaint (Exhibit "A") in the State Court of Cobb County, Georgia, the Defendant served upon the Plaintiff, its First Request for Admissions (Exhibit "G"). The Request for Admissions were served on the Plaintiff on September 13, 2023. The Plaintiff responded to the Request for Admissions on November 3, 2023, said responses are attached hereto as (Exhibit "M"). In the Plaintiff's responses to Defendant's First Request for Admissions, the

4

Plaintiff admits the jurisdictional amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

7.

Now, within thirty (30) days after receipt of the Plaintiff's Response to the Defendant's Request for Admissions establishing the jurisdictional amount in controversy, the Defendant removes this case to this Court pursuant to 28 U.S.C. § 1446(b) which permits a case to be removed if the case stated by the initial pleading is not removable, but the Defendant later receive other paper (which includes written discovery responses) from which it can be ascertained that the case is one which has become removable, then the Defendant may remove the case to federal court on the basis of diversity jurisdiction provided by 28 U.S.C. § 1332, so long as not more than one-year has expired since the case was commenced on August 2, 2023.

8.

Plaintiff Rebecca Barnes could have originally brought this action in this Court under 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and cost, and there is diversity of citizenship between the parties.

9.

If a jurisdictional amount in controversy would have been stated specifically in the Plaintiff's Complaint, this action could have originally been brought in this Court under 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and cost, and there is diversity of citizenship between the parties.

10.

Pursuant to 28 U.S.C. § 1441, et seq., and 28 U.S.C. § 1367, this action is now removable by reason of diversity of citizenship, there being more than $75,000.00 in controversy, exclusive of interest and costs.

WHEREFORE, Defendant Publix Super Markets, Inc. files this Petition for Removal of said cause to this Court.

Respectfully submitted this 14th day of November, 2023.

FAIN, MAJOR & BRENNAN, P.C.

*/s/ James W. Hardee*
JAMES W. HARDEE
Georgia State Bar No. 324399
*Counsel for Defendant Publix Super Markets, Inc.*

One Premier Plaza
5605 Glenridge Drive, Suite 900
Atlanta, Georgia  30342
(404) 688-6633
jhardee@fainmajor.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REBECCA BARNES | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | FILE NO. _____ |
| | : | |
| PUBLIX SUPER MARKETS, INC. | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon counsel for the opposing parties in the foregoing matter a copy of the foregoing **Removal Petition** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record as follows:

Russell T. Deutschman
Jan P. Cohen
KENNETH S. NUGENT, P.C.
4227 Pleasant Hill Rd., Bldg 11
Duluth, GA 30096
rdeutschman@attorneykennugent.com
jcohen@attorneykennugent.com

This 14th day of November, 2023.

|  |  |
|---|---|
|  | **FAIN, MAJOR & BRENNAN, P.C.** |
|  | */s/ James W. Hardee* |
| One Premier Plaza | JAMES W. HARDEE |
| 5605 Glenridge Drive, N.E. | Georgia State Bar No. 324399 |
| Suite 900 | *Counsel for Defendant Publix* |
| Atlanta, Georgia  30342 | *Super Markets, Inc.* |
| (404) 688-6633 |  |
| jhardee@fainmajor.com |  |